Matthew G. Kleiner  (SBN:  024275)
**GORDON & REES LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ  85003
Telephone:  (602) 794-2460
Facsimile:  (602) 265-4716
mkleiner@gordonrees.com

Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| Bruce P Murchison, An individual, | **CASE NO.:** |
| Plaintiff, | **Pima County Case No.:C20134538** |
| vs. | **NOTICE OF REMOVAL** |
| Aetna Life Insurance Company, a Corporation | |
| Defendant. | |

Defendant Aetna Life Insurance Company ("AETNA" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support thereof, Defendant respectfully alleges the following:

**I.      COMMENCEMENT AND SERVICE**

1.      On or about August 14, 2013, Plaintiff Bruce P. Murchison ("Plaintiff") filed suit against Defendant in the Superior Court of the State of Arizona, in and for the County of Pima, styled *Bruce P. Murchison v. Aetna Life Insurance Company*, Case No. C20134538 ("Complaint") (the Complaint is attached hereto and marked "Exhibit 1"; Declaration of Matthew G. Kleiner in Support of Defendant's Notice of Removal filed herewith ["Kleiner Decl."], ¶ 2).

2.      Defendant received the Complaint on or about August 19, 2013. (Declaration of Carol Roy in Support of Defendant's Notice of Removal filed herewith

Roy Decl."], ¶ 3.)   As of the filing of this Notice of Removal, Defendant has not been properly served with the Complaint and has not answered the Complaint in state court.

3.      This Notice of Removal is timely filed within thirty days of the receipt of the Complaint.  (28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) [service of process is the official trigger for responsive action].)

## II.      GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

4.      Defendant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00, between parties with complete diversity of citizenship.  (28 U.S.C. § 1332(a) [district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000.00, exclusive of costs and interest; and (2) is between citizens of different states].)

## III.     DIVERSITY OF CITIZENSHIP

5.      This is an action between parties with complete diversity of citizenship.

6.      Diversity of citizenship exists where the matter in controversy is between citizens of different states.  (28 U.S.C. §1332(a).)   A corporation for purposes of 28 U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in which it has its principal place of business.  (28 U.S.C. §1332(c).)

7.      Plaintiff is a resident and citizen of Pima County, Arizona. (Complaint, Exhibit 1, ¶ 1.)

8.      Aetna is a Connecticut corporation with its principal place of business located at 151 Farmington Avenue in Hartford, Connecticut.  (Roy Decl., ¶ 4.)  Hartford, Connecticut is where Aetna's officers direct, control, and coordinate Aetna's activities. (Roy Decl., ¶ 4; See, e.g., *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ["the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."].)

Gordon & Rees LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

9.      Aetna is authorized to transact and transacting business within the State of Arizona and this judicial district.  (Roy Decl., ¶ 5.)

10.      No change in the citizenship of the Defendant has occurred since the commencement of the state court action.  Thus, because Plaintiff and Defendant are from different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

## IV.    AMOUNT IN CONTROVERSY

11.      The Complaint does not specify the total amount of monetary damages Plaintiff seeks.  However, a reasonable interpretation of the Complaint demonstrates that the amount in controversy under the Complaint exceeds the diversity jurisdictional minimum of $75,000.00.

### A.    Applicable Law.

12.      Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. (*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).)  The amount in controversy may also include any attorneys' fees as authorized by law and punitive damages.  (*Id.*; *Burk v. Medical Savings, Ins. Co.*, 348 F. Supp.2d 1063, 1065-70 (D.Ariz. 2004); *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 576-78 (D.Ariz. 2003).)

13.      Where, as in this case, the Complaint does not plead an amount in controversy, defendant has the burden of proving that the amount in controversy exceeds the sum of $75,000.00 by a preponderance of the evidence.  (*Guglielmino,* 506 F.3d at 700; *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979-80 (9th Cir. 2005).)  To meet such requirement, the "defendant must present facts to show that the amount in controversy exceeds the jurisdictional threshold" to meet its burden.  (*Burk*, 348 F. Supp.2d at 1065-70; *see also Kroske*, 432 F.3d at 979-80 quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) [noting that when the amount in controversy is "not facially apparent" from the complaint, "the court may consider facts in the removal

Complaint, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal'" and finding that a court may properly consider interrogatory answers and similar damage awards in similar cases to shed light on the amount in controversy].)

### B. The Allegations of the Complaint.

14.     This suit arises from a claim by Plaintiff for state law causes of action arising out of a denial of short term disability ("STD") benefits under an employee welfare benefit plan issued by Aetna.  (See Exhibit 1, Complaint.)

15.     The Complaint contains three claims for relief:  Breach of Contract Non-ERISA Benefits Due (First Claim), Unfair Claim Settlement/Bad Faith (Second Claim), and Intentional Infliction of Emotional Distress (Third Claim).  As will be seen below, read as a whole, the Complaint essentially seeks (a) damages, (b) exemplary damages, and (c) punitive damages.  These damages cumulatively exceed $75,000.00.

### C. Analysis of Minimum Jurisdiction Amount.

#### 1. Plaintiff's Certificate of Compulsory Arbitration.

16.     Pursuant to the Arizona Rules of Civil Procedure, Plaintiff is required to certify that the instant matter is not subject to compulsory arbitration. Plaintiff filed such certification.  (Certificate of Arbitration attached hereto and marked "Exhibit 3".)

17.     Arizona Rules of Civil Procedure 72 through 76 mandate compulsory arbitration for each matter wherein the amount in controversy does not exceed the jurisdictional maximum set forth by the local rules of practice for the applicable superior court.  (Ariz. R. Civ. P. 72-76.)  Pima County Local Rule 3.10 provides that claims less than $50,000.00 are subject to compulsory arbitration.

18.     By certifying that this case is not subject to compulsory arbitration, Plaintiff admits that there is at least $50,000.00 in dispute.  (*Ansley,* 215 F.R.D. at 578.)

Gordon & Rees LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

Gordon & Rees LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ  85003

## 2. Damages and Fees Sought by the Complaint.

19.    Plaintiff seeks $15,000 in unpaid salary benefits.  (Complaint, Exhibit 1, ¶ 49.)  Plaintiff then seeks exemplary damages in an amount equal to treble (3 times) the unpaid benefits ($15,000 x 3 = $45,000.)  (Complaint, Exhibit 1, ¶ 50.)

20.    Plaintiff also seeks general and punitive damages against Defendant. (Complaint, Exhibit 1, ¶¶ 51-52.) Should Plaintiff prevail on his claims, non-contract damages – whether characterized as "bad faith" damages or punitive damages – will increase the amount in controversy to more than the jurisdictional minimum.

21.    As such, the $75,000.00 amount in controversy requirement set forth in 28 U.S.C. § 1332(a) has been satisfied.

## V.   VENUE

22.    Venue properly lies in the United States District Court for the District of Arizona because Plaintiff filed the state court action in this judicial district and division. (*See* 28 U.S.C. §§ 1441, 1446.)

## VI.   NOTICE

23.    Defendant will give notice of the filing of this Notice of Removal to all parties of record.  Defendant will also file with the clerk of the state court and will serve upon Plaintiff a notice of the filing of this Notice of Removal. (Arizona Local Rule of Civil Procedure, Rule 3.6(A).)

## VII.   STATE COURT PLEADINGS

24.    Copies of all state court pleadings and orders are attached to this Notice of Removal.  Pursuant to Rule 3.6 of Local Rules of Civil Procedure for the District of Arizona, Defendant attaches and incorporates by reference true and correct copies of all pleadings and other documents that were  previously filed with the state court:

- Exhibit 1 - Complaint;
- Exhibit 3 - Certificate of Arbitration; and
- Exhibit 4 - Civil Summons.

1

2          25.     This case is being removed from the Superior Court of the State of Arizona,

3    in and for the County of Pima located at 110 W. Congress Street, Tucson, AZ  85701.

**VIII.  <u>PRAYER</u>**

4          WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant files

5    this Notice of Removal with the United States District Court for the District of Arizona,

6    and hereby seeks to remove this action from the Superior Court of the State of Arizona,

7    in and for the County of Pima.

8          Respectfully submitted, this <u>18th</u> day of <u>September</u>, <u>2013</u>.

9

10   Dated: September 18, 2013

                                          GORDON & REES LLP

11

12

13                                        By:    <u>*/s/ Matthew G. Kleiner*</u>
                                                 Matthew G. Kleiner
14                                               Attorneys for Defendant
                                                 AETNA LIFE INSURANCE
15                                               COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ  85003

1

2

<u>**Certificate of Service**</u>

3

I hereby certify that on the <u>18th</u> day of <u>September 18</u>, <u>2013</u>, I electronically

4

transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and served on Plaintiff at the following address **VIA FEDERAL EXPRESS**:

5

6

Bruce P. Murchison
4850 S. Lantana Place
Tucson, AZ  85730

7

Phone: (520) 869-1289; Fax: (520) 745-8260
Murch777@yahoo.com

8

Pro Se

9

10

*/s/ Oni Bell*
Oni Bell

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28