Bruce P Murchison
4850 S Lantana Pl
Tucson, Arizona 85730
Ph: (520) 869-1289
Fax (520) 745-8260
murch777@yahoo.com
Pro Se



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Bruce P Murchison, An individual, Plaintiff, vs. Aetna Life Insurance Company, A Corporation, Defendant. | Case No.: 4:13-CV-01178-TUC- RCC<br><br>Pima County Case No: C20134538<br><br>MOTION TO REMAND<br><br>Assigned to: Honorable Raner C. Collins |
|---|---|

Plaintiff hereby moves this Court for an Order remanding this matter to Pima County Superior Court for further proceedings. This motion is made pursuant to 28 U.S.C. §1447 (c) and (e) and supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PREFACE

Plaintiff hereby requests that the Court remand this case to State Court on the basis that there is a lack of subject matter jurisdiction. Defendant's rationale for removal hinges solely on the amount in controversy. Defendant alleges that although a definite amount in damages was not pled in the Complaint filed in State Court, that it can be inferred from the context of the pleading to exceed the jurisdictional requirement of being in excess of $75,000. This is an error. Plaintiff stated the lost wages as being approximately $15,000 and asked for exemplary damages equal to treble the unpaid wages. In addition, Plaintiff asked for general and punitive damages. Based on the request above and the Certificate of Compulsory Arbitration, the Defendant

assumes the amount will exceed $75,000. While there is a *possibility* of this outcome, it is not necessarily *probable*. Defendant's Notice of Removal is facially deficient, offering no evidence whatsoever to establish federal jurisdiction over this matter. Under well-settled law this case must be remanded to state Court.

Plaintiff filed his Complaint in state Court, alleging breach of contract, unfair claim settlement practices and bad faith, and intentional infliction of emotional distress against Defendants. Plaintiff's causes of action arose as a result of Defendant's failure to honor an insurance contract by denying his short term disability claim. No federal causes of action are alleged. Within the "Prayer" section of the Complaint, Plaintiff's sought damages. Plaintiff did not, however, allege specific sums or amounts in the Prayer of his Complaint other than the amount of benefits withheld. This was a mere $15,000. No demand amount has ever been made upon defendants other than this. Indeed, at this point, any damages awarded to Plaintiff are speculative and will be determined at a later stage by a jury.

**II. DEFENDANT'S NOTICE OF REMOVAL IS INADEQUATE**

After being served with the Complaint, Defendants filed its Notice of Removal of this action to this United States District Court. (See Docket No. 1.) In removing the action to this Court, Defendant simply says that the amount in controversy exceeds $75,000, but offers no support whatsoever for its conclusory position other than a speculative leap based on the fact that a certificate of compulsory arbitration was filed. Defendant's Notice of Removal states the following with regard to the amount in controversy: "this action is a civil action involving an amount in controversy exceeding $75,000.00". (See Docket No. 1 at page 2, line 9). Defendants have not offered any proof whatsoever to meet its burden. It provides no evidence to support jurisdiction. Rather, it simply concludes that the amount in controversy exceeds $75,000.00. Such boilerplate allegations and conjecture are insufficient to confer jurisdiction and do not constitute a preponderance of the evidence legally required of Defendant. *(See Valdez v. Allstate Ins. Co.*, 319 F3d 1089, 1090 (9'h Cir. 1996).

The Court lacks diversity jurisdiction as defined under 28 U.S.C. §1332 (a) in that amount in controversy, as alleged, is not sufficiently proven to satisfy the jurisdictional

1 | requirement for this Court. Plaintiff, therefore, seek remand of the action back to the Pima
2 | County Superior Court.

### III. THE REMOVAL STATUTE IS STRICTLY CONSTRUED AGAINST REMOVAL

Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.* 980 F.2d 564 (9'h Cir. 1992); *See also Mesa Indus., Inc. v. Eagfebrook Prods Inc.*, 980 F. Supp. 323, 324 (D Ariz. 1997). There is *a strong presumption against removal,* and "[f]ederal jurisdiction *must be rejected* if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F. 2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d. 1062, 1064 (9th Cir. 1979(; Emphasis added; *See also Boggs v. Lewis*, 863 F.2d 663 (9th Circuit. 1988). Where the amount in controversy is in doubt in jurisdiction and removal jurisdiction." *Gaus*, 980 F.2d at 566 (citing *St. Paul Mercury Indem. Co. v. Red Cab* Co., 303 U.S. 283-6 90 (1938)). Moreover, as the Ninth Circuit explained in *Gaus,* in suits originally brought in Federal Court, the amount of controversy requirement will be satisfied unless it appears to be of legal certainty that the Plaintiffs' claim is really for less than a jurisdictional amount. 980 F.2d. At 566. *However, in* suits *originally filed in State Court and then removed, there* exists *a "strong presumption" against removal jurisdiction such that the Defendant bears the burden of establishing that removal* is *proper. Id.* Specifically, Defendant bears the burden of proving the facts to support federal jurisdiction, including the amount in controversy, if it is unclear what amount of damages Plaintiffs have sought. *Gaus*, 980 F.2d at 566-67; *See also Emrich v. Touch* Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); *Haischy v. Allstate Ins. Co., 942* F. Supp. 1245, 1247-48 (D. Ariz. 1996).

Here, the Plaintiff's Complaint does not specify or demand a certain dollar amount in damages other than the original $15,000 in unpaid benefits, an amount far below the threshold of $75,000. Indeed, the rest of the Plaintiff's damages are entirely speculative. Defendant therefore bears the burden of submitting evidence establishing that it is more likely than not the amount in controversy exceeds the required amount. *Gaus*, 980 F.2d at 566-67 *Haisch*, 942 D. Supp. At 1248; *Sanchez v. Monumental Life Ins.* Co., 102 F3d. 398, 40 (9'h Cir. 1996) (citing *Tapscott v. M.S. Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11 Cir. 1996)); *DeAguilar v. Boeing* Co., 11 F. 3d

3

55, 58 (5th Cir. 1993), *cert. denied*, 11 S. Ct. 180 (1995); *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993 *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990).

As evidenced by its Notice of Removal, Defendant has made a feeble attempt to meet its burden. Its mere assertions that the damages are in excess of the jurisdictional amount are grossly deficient under the aforesaid legal standard. *Gaus,* 980 F.2d at 567 *See also Garza,* 752 F. Supp. at 763 (holding that the Defendant's bald recitation that "the amount in controversy exceeds $50,000," without the Defendant identifying any specific factual allegations or provisions in the complaint which might support the proposition, should provoke *sua sponte remand); Saunders v. Rider,* 805 F. Supp. 17, 19 (E. D. La. 1992) (the "mere assertion of the Defendants as to their estimates of the value of the Plaintiff's claim cannot satisfy a legal standard of proof [for] federal court or courts of limited jurisdiction, and we must not casually assume the existence of jurisdiction"); *Allen v. R&H Oil Gas* Co., 63 F3d. 1326, 1335 (5th Cir. 1995) (conclusory allegations of Defendants insufficient to support removal).

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that his Motion to Remand be granted and that this Court enter an Order remanding this matter to Pima County Superior Court for further proceedings.

DATED this 18th day of October, 2013.

By: *[signature]*

Bruce P Murchison
4850 S Lantana Pl
Tucson, Arizona 85730
Phone (520) 869-1289
Fax (520) 745-8260
murch777@yahoo.com
Pro Se

A copy of the foregoing was mailed on October 18, 2013 to:

Matthew G Kleiner (SBN: 024275)
GORDON & Rees LLP
111 W. Monroe Street, Suite 1600
Phoenix Arizona 85003
Telephone: (602) 794-246
Facsimile: (602) 265-4716
mkleiner@gordonrees.com
Attorneys for the Defendant
Aetna Life Insurance Company

*[signature]*

Bruce P Murchison
4850 S Lantana Pl
Tucson, Arizona 85730
Phone (520) 869-1289
Fax (520) 745-8260
murch777@yahoo.com
Pro Se