# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce P. Murchison, | No. CV-13-01178-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Aetna Life Insurance Company, | |
| Defendant. | |

On August 14, 2013, Plaintiff filed this action in Pima County Superior Court, alleging breach of contract, bad faith and unfair claim settlement practices, and intentional infliction of emotional distress against Defendant. Plaintiff requested compensatory damages, exemplary damages, general damages, punitive damages, damages for emotional distress, and attorneys' fees. Plaintiff's request for damages only specified an amount of $15,000 for compensatory damages. Plaintiff certified in his Certificate of Compulsory Arbitration that the amount in controversy exceeds the $50,000 compulsory arbitration limit set forth in the Pima County Court Local Rule 3.10.

Defendant removed the case from state court to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Now pending before the Court is Plaintiff's Motion to Remand (Doc. 5). Plaintiff argues that the damages do not meet the jurisdictional requirement of being in excess of $75,000. In its Response to Plaintiff's Motion to Remand, Defendant contends that, based on the evidence it presents, damages would total roughly $106,500. Accordingly, the Court must determine whether

Defendant has established the requisite amount in controversy for this Court to have subject matter jurisdiction. The Court finds that Defendant failed to prove, by a preponderance of evidence, that Plaintiff's claims exceed $75,000.

## II. LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

In the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir.1998). Where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir.1997); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839 (9th Cir.2002). "The court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer,* 116 F.3d at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335–36 (5th Cir.1995)). Conclusory allegations as to the amount in controversy are insufficient. *Id*.

## III. ANALYSIS

### A. Arbitration Certificate

1    Defendant argues that courts may consider a signed certificate of compulsory
2 arbitration in determining whether Defendant has met its burden of proof to establish the
3 amount in controversy.  The Court agrees with Defendant.  Under the Arizona Rules of
4 Civil Procedure, Plaintiff is required to certify that his claims are not subject to
5 compulsory arbitration.  Arizona mandates compulsory arbitration for cases where the
6 amount in controversy does not exceed the jurisdictional maximum set forth by the local
7 rules of practice for the applicable superior court.  In Pima County Superior Court, claims
8 less than $50,000 are subject to compulsory arbitration.  Here, Plaintiff signed a
9 Certificate of Compulsory Arbitration stating that the final award will be over $50,000.
10 The district court has discretion to accept Plaintiff's admission that the amount in
11 controversy is likely more than $50,000.  *See Ansley v. Metro. Life. Ins. Co.*, 215 F.R.D.
12 575, 578 (D. Ariz. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375
13 (9th Cir. 1997).  Thus, the Certificate of Arbitration demonstrates that the amount in
14 controversy exceeds $50,000.

### B. Compensatory, Exemplary and Punitive Damages

In his Complaint, Plaintiff alleges damages of $15,000 for lost wages due to Defendant's breach of contract.  Plaintiff also seeks an award of exemplary damages in an amount equal to treble the unpaid benefit.  "Exemplary or punitive damages are those damages awarded in excess of full compensation to the victim in order to punish the wrongdoer and to deter others from emulating his conduct." *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 330, 723 P.2d 675, 679 (1986).  Here, because the Plaintiff seeks $15,000 in compensatory damages, exemplary damages in an amount equal to treble the unpaid benefits are $45,000.  Since these damages are "in excess of full compensation to the victim," the total amount in controversy for compensatory and exemplary damages is $60,000.

Plaintiff also seeks punitive damages against Defendant for his bad faith and unfair claim settlement practices claim, as well as damages for his intentional infliction of emotional distress claim.  In Arizona, punitive damages are recoverable in bad faith

1    insurance cases. *Filasky v. Preferred Risk Mut. Ins. Co.,* 152 Ariz. 591, 598 (1987).
2    "The mere possibility of a punitive damages award is insufficient to prove that the
3    amount in controversy requirement has been met." *Dukes v. Twin City Fire Ins. Co.*, 2010
4    WL 94109, *3 (D. Ariz. Jan. 6, 2010) (citing *Burk v. Medical Sav. Ins. Co.,*, 348
5    F.Supp.2d 1063, 1069 (D. Ariz. 2004). "Defendant must present evidence that punitive
6    damages more likely than not will exceed the amount needed to increase the amount in
7    controversy to over $75,000 and may do so by, among other things, introducing evidence
8    of jury verdicts in analogous cases." *Id.*

9    Here, Defendant states that, should Plaintiff prevail, the punitive damages will
10   likely be at least $16,500 (using a multiplier of 1.1 based on Plaintiff's unpaid wages of
11   $15,000). While Defendant has cited bad faith claim cases that have resulted in an award
12   of punitive damages, Defendant has entirely failed to compare facts of Plaintiff's case to
13   other cases where bad faith or punitive damages have been awarded. *Conrad Assocs. v.
14   Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) (evidence of
15   jury verdicts awarding punitive damages in insurance bad faith cases in excess of the
16   jurisdictional amount were insufficient to sustain federal jurisdiction because the
17   defendant failed to compare the facts of those cases with the alleged facts of its case); *see
18   also Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109, *3 (D. Ariz. Jan. 6, 2010); *Burk*,
19   348 F. Supp. 2d at 1069-1070 (Defendant failed to cite and "compare the facts of
20   Plaintiff's case with the facts of other cases where punitive damages have been awarded
21   in excess of the jurisdictional amount. […] This is insufficient to establish that it is more
22   likely than not that a potential punitive damage award will increase the amount in
23   controversy" above the jurisdictional amount). Thus, Defendant's citation of other bad
24   faith claim cases, by itself, is insufficient to meet its burden under *Sanchez. Conrad
25   Associates*, 994 F. Supp. at 1201; *see also De Aguilar v. Boeing Co*., 47 F.3d 1404, 1409
26   (5th Cir. 1995) ("the preponderance burden forces the defendant to do more than point to
27   a state law that might allow the plaintiff to recover more than what is plead").

28   Plaintiff also seeks damages for emotional distress. Damages for emotional

distress can be considered in calculating the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). According to Defendant, damages for emotional distress in disability cases where damages have been awarded ranged from $600,000 to $5,400,000. As evidence of this, Defendant cites jury verdicts for three cases. Defendant argues that, based upon similar awards, it is more likely than not that an award for emotional distress will exceed the difference between the jurisdictional minimum and the amount known to be in controversy in actual and exemplary damages. Thus, according to Defendant, Plaintiff is alleging a sum of at least $15,000 in damages for emotional distress. Once more, however, the Court finds that Defendant failed to compare the facts of Plaintiff's case to analogous cases where damages for emotional distress have been awarded. Thus, Defendant has failed to produce sufficient evidence that punitive damages and damages for emotional distress take the amount in controversy beyond $75,000.

### C. Attorneys' Fees

Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees. Attorneys' fees may be included in the amount in controversy if the underlying statute authorizes such fees. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). In his Complaint, Plaintiff seeks an award of attorneys' fees. However, as Plaintiff correctly states in his Reply to Defendant's Response to his Motion to Remand, Plaintiff is not entitled to any attorneys' fees because he is a *pro se* litigant.

### D. Conclusion

The Court finds that Defendant has failed to meet its burden of proof. Although Defendant has shown that this action is between citizens of different states, Defendant has not presented sufficient evidence that the allegations in the Complaint set forth an amount in controversy that is more likely than not greater than $75,000. Because Defendant fails to show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement, the Court lacks jurisdiction to hear

1 | this case.

**IT IS HEREBY ORDERED granting** Plaintiff's Motion to Remand (Doc. 5). The Clerk of the Court is directed to remand this case to Pima County Superior Court and close this file.

DATED this 18th day of December, 2013.

_____
Raner C. Collins
Chief United States District Judge